DRENNAN *v.* STONE, STATE TAX COMMISSIONER.

(In Banc. April 28, 1941. Suggestion of Error Overruled June 9, 1941.)

[1 So. (2d) 799. No. 34596.]

T. J. Wills, of Hattiesburg, for appellant.

J. H. Sumrall, of Jackson, for appellee.

Argued orally by **T. J. Wills**, for appellant, and by **J. H. Sumrall**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

During the month of November, 1937, appellant owned and operated a portable sawmill, in and by which he sawed timber owned by him into certain large dimensions suitable for sale to mills which would then resaw the timber thus prepared and thereby put it into the condition popularly understood as lumber rather than timber.

The State Tax Commissioner demanded of and collected from appellant one-fourth of one per cent. of the value of the products turned out by appellant at and by his said portable sawmill, under Section 2-b, Chap. 119, Laws 1934. The tax was paid by appellant under protest, and he sued to have it refunded, contending that he should have been taxed under Section 2-a of that chapter, and that he was due nothing under Section 2-b.

We are of the opinion that he was liable under Section 2-b, which, by its terms, imposes the tax demanded ''upon every person engaging or continuing within this state in the business of manufacturing, compounding, or preparing for sale, profit or commercial use, either directly or through the activity of others, in whole or in part, any article or articles, substance or substances, commodity or commodities . . .''

Whether what was produced by appellant be called timber or whether lumber, nevertheless he was engaged in the substantial and definite activity of preparing the material so that it would be suitable for use by, and sale to, resaw operators; and appellant's activity was by his own mill and machinery in which definite and separate operation by him he had the protection of the laws of the state, and all the force of the State in furtherance of

that protection, in respect to which the State exacted the remuneration prescribed. It may be, as to which we express no opinion, that the state may have lawfully demanded of him the higher tax provided by Section 2-a, but since the State did not do so, appellant is in no position to complain of the lesser tax imposed by Section 2-b.

Affirmed.